UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LOUIS KING,<br><br>  Plaintiff,<br><br>  v.<br><br>N. J. VERA,<br><br>  Defendant. | Case No.: 1:22-cv-00331-SKO (PC)<br><br>**ORDER TO PAY FILING FEE, OR, ALTERNATIVELY, TO SUBMIT APPLICATION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*, **OR, TO FILE A NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**<br><br>(Doc. 5) |

Plaintiff Larry Louis King, proceeding *pro se*, initiated this action on September 15, 2021, by filing a document titled "Plaintiff Proceeding in this Civil Litigation with the Motion Requesting a Declaratory Judgment & An Injunction" in the Sacramento Division of the Eastern District of California. (Doc. 1.)

**II.     BACKGROUND**

On January 12, 2022, Magistrate Judge Deborah Barnes issued an Order directing Plaintiff to submit either the $402 filing fee or a properly completed application to proceed *in forma pauperis* ("IFP"). Plaintiff was directed to do so within 30 days of the date of the Order. (Doc. 4.) On February 10, 2022, Plaintiff filed a document entitled, "Responding to Order on 1/12/2022." (Doc. 5.) Plaintiff states he "respectfully request[s] this court to except [*sic*] plaintiff's request for this court to (either) dismiss plaintiff's action without prejudice or grant an injunctive relief by

ordering CDCR to answer plaintiff's (602 administrative appeal log #CSPC-8-20-01522 which has been ongoing for 2 years now." (*Id*. at 1-2.) Plaintiff also states he "was (not) seeking to file a 1983 civil suit with the honorable court as plaintiff cannot file a 1983 civil suit until plaintiff exhausts his administrative remedies per the prison litigation reform act (exhaustion of administrative remedies)." (*Id*. at 2.) Plaintiff again asks the court to "dismiss plaintiff's case (Case No. 2:21-cv-1671 DB) without prejudice" or for "an injunctive order, ordering the prison to comply with order to answer plaintiff's 602 appeal…." (*Id*. at 2-3.) Plaintiff states he "was not trying to submit a civil suit 1983" and that he "is currently trying to obtain a lawyer to help him when its time to submit his civil case." (*Id*. at 4.)

On March 21, 2022, Magistrate Judge Barnes issued an Order transferring the civil action from the Sacramento Division to the Fresno Division as the events giving rise to Plaintiff's claim – appeal number CSPC-8-20-01522 – arose at California State Prison Corcoran in Kings County. (Doc. 6.)

## II. DISCUSSION

Plaintiff has three options.  He can: (1) pay the $402 filing fee; (2) submit a completed application to proceed IFP; or (3) file a notice of voluntary dismissal of this action, without prejudice. Plaintiff will be afforded 30 days from the date of service of this Order within which to comply by paying the filing fee, or submitting the IFP application, or filing a notice of voluntary dismissal.

It appears Plaintiff may wish to dismiss this action without prejudice as Plaintiff has acknowledged he has not yet exhausted his administrative remedies – a requirement that must be met prior to filing a civil rights action. If Plaintiff elects to proceed with such a dismissal, he should file a notice of voluntary dismissal with this Court. *See* Fed. R. Civ. P. 41(a)(1)(i). As noted above, Plaintiff's other options are to either pay the $402 filing fee or to submit a completed IFP application in order to proceed with this action.

Plaintiff is advised this Court will not take any action on his request that the Court issue an order directing prison authorities to "answer" his administrative appeal. The request is not

proper.[1] The Court will not issue orders directing any defendant to take any action unless and until the Court has screened a plaintiff's complaint. *See* 28 U.S.C. § 1915A(a). Plaintiff's complaint may not be screened for months as this Court is one of the busiest district courts in the nation. Additionally, as noted above, Plaintiff's intentions concerning the future of this action are unclear as his request will be moot should he elect to voluntarily dismiss this action.

### III.   CONCLUSION AND ORDER

Accordingly, within 30 days of the date of service of this Order, Plaintiff shall either (1) pay the filing fee of $402, (2) submit a completed application for leave to proceed IFP, *or* (3) file a notice of voluntary dismissal of the action with this Court.

IT IS SO ORDERED.

Dated:   **March 23, 2022**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983);